IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALDO EFRAIN MARTINEZ ARMENDARIZ, )
                                  )
                    Petitioner,   )
                                  )
        v.                        )          Case No. 23-3035-JWL
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Respondent.   )
                                  )
_____ )

## <u>**MEMORANDUM AND ORDER**</u>

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which he claimed that he has been detained beyond the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A) (alien is to be removed within 90 days after order of removal from the United States). On February 13, 2023, the Court ordered petitioner to show cause why his petition should not be denied in light of his submission, which demonstrated that he had not been detained beyond the 90-day period as claimed. The Court noted that although petitioner claimed that he was ordered removed on November 9, 2022, he also stated that his appeal from the removal order was still pending, which meant that his removal order was not yet administratively final and his 90-day period had not yet begun. *See id.* § 1231(a)(1)(B)(i). Moreover, petitioner submitted exhibits indicating that the government sought to dismiss his removal proceedings to allow for his removal proceedings to be restarted with a new notice to appear.

On March 7, 2023, petitioner filed a response to the Court's show-cause order. Although petitioner claims in that response that his continued detention violates due process, he has not directly addressed the issues raised by the Court in its order, except to note that his appeal from the removal order was dismissed on February 28, 2023. Thus, petitioner has not shown that he has been detained beyond the 90-day statutory removal period. Moreover, detention of an alien for up to six months after removal has been ordered is presumptively reasonable. *See Anyimu v. Department of Homeland Security*, 2017 WL 193180, at *2 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Petitioner has not alleged any particular facts demonstrating that his detention, particularly since his removal became administratively final on February 28, 2023, has been unreasonable. Accordingly, petitioner has not shown an entitlement to relief under Section 2241.

In addition, as noted in the show-cause order, the Court cannot consider any claim concerning an aspect of petitioner's removal proceedings, as district courts lack jurisdiction to review final orders of removal. *See Ferry v. Gonzalez*, 457 F.3d 1117, 1131 (10th Cir. 2006) (citing 8 U.S.C. § 1252(a)(5)). The Court therefore denies the petition in its entirety.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under Section 2241 (Doc. # 1) is hereby **denied**.

2

IT IS SO ORDERED.

Dated this 7th day of March, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge
